UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

GABRIEL CRUZ,

      Plaintiff,

v.

MORCA CONSTRUCTION SERVICES, INC.

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GABRIEL CRUZ ("Cruz"), by and through undersigned counsel, hereby sues Defendant, MORCA CONSTRUCTION SERVICES, INC. ("Morca"), and alleges as follows:

## INTRODUCTION

1. This is an action by Plaintiff against Defendant for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq. Plaintiff seeks damages and reasonable attorney's fees, together with other relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this case arises under the FLSA.

3. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because Plaintiff is employed by Defendant in a location within this district and a substantial amount of the actions at issue occurred in this district.

## THE PARTIES

4. At all material times, Plaintiff Cruz has been a resident of Lee County, Florida, and an "employee" of Defendant within the meaning of the FLSA.

5. At all material times, Defendant Morca operated as a construction company focused on interior renovation services and building within this district and has its principal place of business in Collier County, Florida.

6. At all material times, Defendant Morca was the "employer" of Plaintiff within the meaning of the FLSA.

7. At all material times, Defendant Morca was an enterprise engaged in commerce covered by the FLSA, and as defined by 29 U.S.C. §203(r) and §203(s).

8. At all material times, Defendant Morca earned gross earnings of at least $500,000.00 annually.

9. At all material times, Defendant Morca had two or more employees engaged in commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

10. Plaintiff is an employee of Defendant Morca and was individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

11. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant Morca.

## GENERAL FACTUAL ALLEGATIONS

12. Plaintiff has been employed as a carpenter by Defendant Morca since 2017.

13. Plaintiff does not have the authority to hire or fire any of Defendant Morca's employees.

14. Plaintiff does not have the authority to discipline any of Defendant Morca's employees.

15. Throughout his employment, Plaintiff Cruz has worked in excess of forty (40) hours per week.

16. Throughout his employment, Plaintiff has not receive the required overtime rate for each hour worked in excess of forty (40) hours per week.

17. Documentation evidencing the number of hours worked by Plaintiff and the compensation actually paid to Plaintiff should be in the possession, custody, and control of Defendant Morca.

18. Plaintiff has retained the undersigned law firm to represent him in this matter and has agreed to pay the law firm a reasonable fee for its services.

## COUNT I - UNPAID OVERTIME WAGES

19. Plaintiff Cruz re-alleges and incorporates paragraphs 1 through 18, as if fully set forth herein.

20. Throughout Plaintiff Cruz's employment, Defendant Morca repeatedly and willfully violated § 7 and § 15 of FLSA by failing to compensate Plaintiff Cruz the required overtime rate for each hour worked in excess of forty (40) hours per week.

21. Defendant Morca did not act in good faith or reliance upon any of the following in formulating its decision to improperly compensate Plaintiff Cruz the appropriate overtime rate for hours worked in excess of forty (40) hours per week: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

22. As a direct and proximate result of Defendant Morca's willful violation of the

FLSA, Plaintiff Cruz is entitled to liquidated damages pursuant to the FLSA.

**WHEREFORE**, Plaintiff Cruz demands a judgment against Defendant Morca for the following:

    (a) Unpaid overtime wages found to be due and owing;

    (b) An additional amount equal to the overtime wages found to be due and owing as liquidated damages;

    (c) Reasonable attorney's fees and costs pursuant to the FLSA; and

    (d) Such other relief as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable in this matter.

Dated:  March 30, 2023

                                            Respectfully Submitted,

                              By:  */s/ Gustavo A. Bravo*
                                   Gustavo A. Bravo
                                   Florida Bar No.:  551287

                                   **BRAVO LAW**
                                   1555 Bonaventure Blvd.
                                   Suite 157
                                   Weston, FL 33326
                                   Telephone: (954) 790-6711
                                   Primary:  gbravo@lawbravo.com
                                   Secondary: efile@lawbravo.com